# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ELIJAH D. WILLIAMS,**

        **Plaintiff,**

v.

**V3 HOLDINGS ILLINOIS LLC,**

        **Defendant.**

Case No. 3:24-CV-233-SPM

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

    This matter is before the Court on the Motion for Leave to Proceed *in forma pauperis* filed by Plaintiff Elijah D. Williams ("Williams"). (Doc. 9). Williams filed this employment discrimination lawsuit pursuant to Title VII of the Civil Rights Act of 1967, as amended, 42 U.S.C. § 2000e-5, and/or 42 U.S.C. § 1981, claiming Defendant V3 Holding Illinois LLC discriminated against. (Doc. 3). Williams asserts he was encouraged to apply for various leadership positions; however, after his application(s), he was not interviewed nor was he told a reason why he was not promoted. (*Id.*). He further claims that when he inquired about this, he was placed on the "shit list" and that everyone who was promoted was white. (*Id.*). He now moves to proceed without prepayment of the required filing fees.

    Under 28 U.S.C. § 1915(a)(1), a federal court is authorized to permit an indigent party to commence a civil action without prepaying the required fees if the party submits an affidavit that includes a statement of all assets he or she possesses and that demonstrates the party is unable to pay such fees. 28 U.S.C. § 1915(a)(1). Complete destitution is not required to proceed *in forma pauperis*; an affidavit

demonstrating that the plaintiff cannot, because of his poverty, provide himself with the necessities of life is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).

The Court has reviewed William's affidavit. (Doc. 9). Williams attests that he brings home around $675.00 biweekly, but that he pays $575 per month for rent and $480 per month for a vehicle. He also has two dependents and is obligated to pay $420 monthly in child support. He claims no assets, and he has only $42.76 in cash or a checking or savings account. Based on these facts, the Court finds William's indigency justifies granting him IFP status. But, that does not end the inquiry. Under Section 1915(e)(2), the Court must then screen the indigent plaintiff's complaint and dismiss the complaint if it is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). Thus, resolution of the motion to proceed IFP requires the undersigned to review the allegations of the complaint.

In reviewing the complaint, the undersigned is aware that courts construe *pro se* claims generously. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United*

*States*, 721 F.3d 418, 421 (7th Cir. 2013). That means "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). "[I[nstead, the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 404.

Title VII prohibits employers from discriminating against employees because of their race, color, religion, sex, or national origin. 42 U.S.C. § 2000e–2(a)(1). A Title VII discrimination claim requires a showing that an adverse employment action was motivated by discriminatory animus. *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). "The statute also forbids employers from retaliating against employees for complaining about prohibited discrimination" and "subjecting an employee to a hostile work environment." *Id.* at 917. Likewise, 42 U.S.C. § 1981 prohibits discrimination on the basis of race in the making and enforcing contracts, including employment contracts. *See Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 459 (1975). Section 1981 provides a federal remedy against racial discrimination in private employment. *McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783, 789 (7th Cir. 2019).

Courts apply the same standards to analyze claims under Title VII and Section 1981. *Mintz v. Caterpillar Inc.*, 788 F.3d 673, 679 (7th Cir. 2015). A plaintiff states a claim of discrimination under Title VII or § 1981 by asserting that: (1) he is a member of a protected class; (2) he was meeting the employer's legitimate employment expectations; (3) he suffered an adverse employment action; and (4) he was treated

less favorably than a similarly situated, non-protected class member. *See Farrell v. Butler Univ.*, 421 F.3d 609, 613 (7th Cir. 2005). "For purposes of Title VII, an adverse employment action is one that affects the compensation, terms, conditions, or privileges of employment, such as hiring, firing, discharge, denial of promotion, reassignment to a position with significantly different job responsibilities, or an action that causes a substantial change in benefits." *Gibbs v. Gen. Motors Corp.*, 104 F. App'x 580, 583 (7th Cir. 2004) (internal quotation and citation omitted). Furthermore, the action must be "materially adverse, not merely an inconvenience or a change in job responsibilities." *Hilt–Dyson v. City of Chicago*, 282 F.3d 456, 465 (7th Cir. 2002). Title VII does not provide a remedy for actions that do not affect an employee's terms of employment. *See Smart v. Ball State Univ.*, 89 F.3d 437, 441 (7th Cir. 1996) (stating that "not everything that makes an employee unhappy is actionable adverse action").

Here, Williams refers to "hostile tension", being on the "shit list", and claims that "[e]veryone who was promoted was white", but he does not indicate that he is a member of a protected class. The factual allegations in the Complaint simply do not state a claim. He does not explain that he had been meeting his employer's expectations, how the "hostile tension" was so severe or pervasive as to alter the conditions of his employment and create an abusive working environment nor does he elaborate on his qualifications and the promotions of members that were purportedly outside of his race. Even construing the Complaint liberally, the Court finds Williams has failed to state a claim.

While it is true that a Complaint need only allege sufficient facts to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009), as noted above, a plaintiff cannot simply put a few words on paper that suggests something illegal might have happened. *Swanson*, 614 F.3d at 403. The Court simply needs more information before it can determine whether Williams can proceed with his claims against V3 Holdings Illinois, LLC.

For these reasons, the Complaint is **DISMISSED without prejudice** for failure to state a claim. The Court **GRANTS** Plaintiff Elijah D. Williams leave to refile an Amended Complaint on or before **March 22, 2024**. Williams is encouraged to consult the Court's website, www.ilsd.uscourts.gov, for sample forms (under "Rules & Forms"—"For Self Help/Pro Se Parties"). The Clerk is also directed to send him a copy of the Pro Se Litigant Guide.

The Court **RESERVES RULING** on William's Motion for Leave to Proceed *in forma pauperis* (Doc. 3). The Court also reserves ruling on William's Motion for Service of Process at Government Expense (Doc. 11).

**IT IS SO ORDERED.**

**DATED: February 28, 2024**

*s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**