IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ELIJAH D. WILLIAMS,**

        **Plaintiffs,**

vs.

**V3 HOLDINGS ILLINOIS, LLC,**

        **Defendants.**

Case No. 24-cv-233-SPM

## MEMORANDUM AND ORDER

**McGlynn, District Judge:**

    This matter is again before the Court on the Motion for Leave to Proceed in forma pauperis filed by Plaintiff Elijah D. Williams ("Williams"). (Doc. 9). Williams initially filed this employment discrimination lawsuit pursuant to Title VII of the Civil Rights Act of 1967, as amended, 42 U.S.C. § 2000e-5, and/or 42 U.S.C. § 1981 on January 31, 2024. (Doc. 3). After preliminary review of his complaint under 28 U.S.C. § 1915(a)(1), the Court found Williams' factual allegations in the Complaint were too bare bones to state a claim. (Doc. 13). Therefore, the Court dismissed the complaint without prejudice and granted Williams' leave to file an amended complaint (*Id.*). The Court further reserved ruling on Williams' Motion for Leave to Proceed in forma pauperis (*Id.*).

    On April 15, 2024, Williams filed an Amended Complaint alleging Defendant V3 Holdings Illinois LLC ("V3") discriminated against him on the basis of his race. (Doc. 20). He also claimed V3 created a hostile work environment. (*Id.*).

Unfortunately, Williams failed to attach his EEOC charge, his charge before the Illinois Department of Human Rights, and/or the Notice of Right to Sue from the EEOC. (Doc. 22). Accordingly, the Court granted Williams leave to file a Second Amend. (*Id.*). Williams has since filed a Second Amended Complaint, attaching the relevant documents. (Doc. 23).

In the Second Amended Complaint[1], Williams alleged that he relocated from Georgia and began employment at V3 on or about May 26, 2023. At the time, Williams accepted a lower paying position, but was encouraged to seek a leadership position. Williams contended that the discrimination began around July 20, 2023. In July 2023, two leadership positions were open at the store location in Grayville, Illinois. Williams alleged that he was encouraged by Michelle Waters, General Manager, to apply for the Lead Budtender Position because he would be a good fit. Williams did apply, but he was neither selected nor interviewed, and was not told why he did not get the position. On July 27, 2023, Williams applied for a second position, General Manager, within the company, but again, he was neither interviewed nor selected, nor was he told why he did not get the position. Between July 30, 2023 and August 1, 2023, Williams expressed concerns at work about hostile tension to Johanna Ante, the Director of People Experience/HR, and upon her suggestion, he applied for the available Inventory Lead Position. On August 4, 2023, Williams learned he was on the "shit list" and others were being promoted over him and not told to say anything. All the people promoted were white. Williams resigned

---

[1] The following facts are taken from Williams' Second Amended Complaint (Doc. )

on August 4, 2023 via email to Johanna Ante where he said that working at V3 was not a good fit. On August 6, 2023, Williams received an email from Michelle Waters stating that he was terminated, effective immediately, which he referred to as "retaliation".

Williams seeks to proceed without prepayment of the required filing fees. Under 28 U.S.C. § 1915(a)(1), a federal court is authorized to permit an indigent party to commence a civil action without prepaying the required fees if the party submits an affidavit that includes a statement of all assets he or she possesses and that demonstrates the party is unable to pay such fees. 28 U.S.C. § 1915(a)(1). Complete destitution is not required to proceed IFP; an affidavit demonstrating that the plaintiff cannot, because of his poverty, provide himself with the necessities of life is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). The Court previously reviewed Williams' affidavit and found that his indigency justified granting him IFP status. (Doc. 13, p. 2).

Under Section 1915(e)(2), the Court must also screen the indigent plaintiff's complaint and dismiss the complaint if it is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). Thus, resolution of the motion to proceed IFP requires the undersigned to review the allegations of the complaint.

In reviewing the complaint, the undersigned is aware that courts construe *pro se* claims generously. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. *Id.* The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 421 (7th Cir. 2013). That means "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). "[I]nstead, the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 404.

Upon reviewing the Second Amended Complaint, the Court finds it is not clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. Title VII prohibits employers from discriminating against employees because of their race, color, religion, sex, or national origin. 42 U.S.C. § 2000e–2(a)(1). A Title VII discrimination claim requires a showing that an adverse employment action was motivated by discriminatory animus. *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). "The statute also forbids employers from retaliating against employees for complaining about prohibited discrimination" and "subjecting an employee to a hostile work environment." *Id.* at 917. Likewise, 42 U.S.C. § 1981 prohibits discrimination on the basis of race in the making and

enforcing contracts, including employment contracts. *See Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 459 (1975). Section 1981 provides a federal remedy against racial discrimination in private employment. *McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783, 789 (7th Cir. 2019).

Courts apply the same standards to analyze claims under Title VII and Section 1981. *Mintz v. Caterpillar Inc.*, 788 F.3d 673, 679 (7th Cir. 2015). A plaintiff states a claim of discrimination under Title VII or § 1981 by asserting that: (1) he is a member of a protected class; (2) he was meeting the employer's legitimate employment expectations; (3) he suffered an adverse employment action; and (4) he was treated less favorably than a similarly situated, non-protected class member. *See Farrell v. Butler Univ.*, 421 F.3d 609, 613 (7th Cir. 2005). "For purposes of Title VII, an adverse employment action is one that affects the compensation, terms, conditions, or privileges of employment, such as hiring, firing, discharge, denial of promotion, reassignment to a position with significantly different job responsibilities, or an action that causes a substantial change in benefits." *Gibbs v. Gen. Motors Corp.*, 104 F. App'x 580, 583 (7th Cir. 2004) (internal quotation and citation omitted). Furthermore, the action must be "materially adverse, not merely an inconvenience or a change in job responsibilities." *Hilt–Dyson v. City of Chicago*, 282 F.3d 456, 465 (7th Cir. 2002). Title VII does not provide a remedy for actions that do not affect an employee's terms of employment. *See Smart v. Ball State Univ.*, 89 F.3d 437, 441 (7th Cir. 1996) (stating that "not everything that makes an employee unhappy is actionable adverse action").

Here, Williams claims (1) he was African-American; (2) he was told to apply for other positions, intimating that he was qualified; (3) he was denied promotions; and, (4) white persons were promoted. Liberally construing the complaint in favor of Williams, the Court finds that he has sufficiently alleged discrimination claims under Title VII and Section 1981. *See Plata v. Eureka Locker, Inc.*, No. 12-1497, 2013 WL 1364092, at *6 (C.D. Ill. Apr. 3, 2013). While the details within the Second Amended Complaint are sparse, Williams has provided sufficient information for V3 to respond to the allegations.

## Conclusion

For the reasons stated above, Plaintiff Elijah D. Williams has adequately stated a claim for discrimination under Title VII of the Civil Rights Act of 1967. Furthermore, because Williams has met the requirements of 28 U.S.C. § 1915(a)(1) and 28 U.S.C. § 1915(e)(2)(B), the Court **GRANTS** Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 3). The Court also **GRANTS** Plaintiff's Motion for Service of Process at Government Expense. (Doc. 11).

The Court further **DIRECTS** the Clerk of Court to provide Williams with a USM-285 form. Williams is **ORDERED** to return the completed form to the Clerk of Court. Upon receipt of the completed USM-285 form, the Clerk is **DIRECTED** to prepare and issue a summons for Defendant V3 Illinois Holdings LLC and deliver a service packet consisting of the summons, USM-285 form, and a copy of the Complaint, to the United States Marshals Service. The Court **DIRECTS** the United States Marshal, upon receipt of these documents, to serve a copy of the summons

and Amended Complaint upon Defendant in any manner consistent with Rule 4, as directed by the plaintiff. Costs of service shall be borne by the United States.

**IT IS SO ORDERED.**

**DATED: June 6, 2024**

/s/ Stephen P. McGlynn
STEPHEN P. McGLYNN
U.S. District Judge
